# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICTOR DEJESUS CORDERO, | DOCKET NUMBERS |
|        Appellant, | AT-1221-15-0607-W-1 |
| | AT-0752-13-0986-B-2 |
|     v. | |
| DEPARTMENT OF VETERANS | |
|   AFFAIRS, | DATE: December 7, 2016 |
|        Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Victor DeJesus Cordero, Buffalo, New York, pro se.

Jeremy Vance Tramel, Decatur, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1 The appellant has filed petitions for review of the initial decisions in the above-captioned appeals. For the reasons discussed below, we JOIN the two appeals,[2] GRANT the appellant's petitions for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite case processing and will not adversely affect the parties' interests.

decisions, and REMAND the appeals to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      Effective January 9, 2013, the agency removed the appellant from his Housekeeping Aid position based upon the charges of failure to follow proper leave requesting procedures and absence without leave. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0986-I-1, Initial Appeal File (IAF), Tab 7 at 12, 16-17. On July 7, 2013, he appealed his removal to the Board. IAF, Tab 1. The administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 9, Initial Decision at 2-3. The appellant filed a petition for review asserting, among other things, that his untimely filing was due to a medical condition. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0986-I-1, Petition for Review File, Tab 1. The Board remanded the appeal for further adjudication, finding that, although the appeal was untimely, the appellant did not receive sufficient notice regarding his burden of establishing good cause for the untimeliness of his appeal due to a medical condition. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0986-I-1, Remand Order at 3-7 (Mar. 28, 2014). On remand, the administrative judge dismissed the removal appeal without prejudice to refiling, finding that the appellant's medical condition prevented him from participating in the appeal. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0986-B-1, Remand Initial Decision at 2-3 (July 24, 2014). She indicated that the appellant had the right to refile until the earliest of the following events occurred: (1) the appellant was able to understand the Board proceedings and/or assist his designated representative in proceedings before the Board; (2) a guardian ad litem or conservator was

*Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 1 n.1 (2015); 5 C.F.R. § 1201.36(a)-(b). We find that these criteria are satisfied here.

appointed to represent the appellant's legal interests by a court of competent jurisdiction; or (3) 1 year elapsed from the date of issuance of the initial decision. *Id*.

¶3    The record reflects that, on June 17, 2014, after the issuance of the initial decision, the appellant filed a formal equal employment opportunity (EEO) complaint in which he asserted that the agency's decision to remove him was discriminatory based upon his disability and his race and was taken in retaliation for a prior EEO complaint. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-15-0607-W-1, Appeal File (W-1 AF), Tab 6 at 19.[3] On April 30, 2015, the agency issued a final agency decision (FAD) finding that the appellant had not been discriminated against and provided Board appeal rights with respect to his mixed case. *Id*. at 19-28.

¶4    On June 2, 2015, less than 1 year after the issuance of the remand initial decision, the appellant filed another appeal challenging his removal and requested a hearing. W-1 AF, Tab 1. He asserted, among other things, that the agency retaliated against him for whistleblowing and that he had filed a whistleblowing complaint with the Office of Special Counsel (OSC) on March 4, 2015, for which he had not received a closeout letter. *Id*. at 3-4. The agency file in this appeal contained a letter from OSC, dated June 15, 2015, which explained its preliminary determination to close its file regarding the appellant's complaint that his January 9, 2013 removal violated his due process rights and constituted discrimination and reprisal for protected EEO activity. W-1 AF, Tab 7 at 92-94. The letter further stated that, if the appellant did not have any further comments, his case would be closed in 13 days and he would be notified of his further rights. *Id*. at 93-94. The administrative judge issued an order to show cause why this

_____

[3] The agency's Office of Resolution Management accepted, among other claims, the portion of the appellant's complaint that raised his removal claim, despite the fact that he had not timely initiated EEO contact within the 45-day regulatory timeframe based upon the appellant's allegation and medical documentation of incapacity. W-1 AF, Tab 6 at 19; *see* 29 C.F.R. § 1614.105(a).

individual right of action (IRA) appeal should not be dismissed for lack of jurisdiction because the appellant previously filed a removal appeal. W-1 AF, Tab 11 at 1-2. The appellant responded that he repeatedly expressed that his "intentions were clear" that the Board has jurisdiction over his claims and that he should not have to refile his appeal. W-1 AF, Tab 12 at 5.

¶5 Without holding the appellant's requested hearing, the administrative judge dismissed the IRA appeal for lack of jurisdiction and as moot, but he directed the refiling of the removal appeal, which previously had been dismissed without prejudice to refiling. W-1 AF, Tab 13, Initial Decision at 3. The appellant has filed a petition for review of this initial decision, primarily arguing that the Board has jurisdiction over his appeal and that he does not wish to pursue this matter through the grievance process or the Equal Employment Opportunity Commission (EEOC). *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-15-0607-W-1, Petition for Review (W-1 PFR) File, Tab 1. The agency has filed an opposition to the petition. W-1 PFR File, Tab 3.

¶6 Meanwhile, the regional office refiled the removal appeal as directed by the administrative judge in his initial decision on the IRA appeal. *Cordero v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-13-0986-B-2, Remand File (RF), Tabs 1-2. The administrative judge assigned to the removal appeal subsequently dismissed it without prejudice to refiling pending the disposition of the appellant's petition for review in the IRA appeal because she found that the appellant did not want to pursue the removal appeal until the Board issued a decision in his IRA appeal. RF, Tab 13, Remand Initial Decision (RID) at 3. The appellant has filed a petition for review of this initial decision in which he asserts, among other things, that, when he filed his IRA appeal, he was attempting to file the same claims that he originally filed in his removal appeal but that he also wanted to include claims of discrimination and those from his OSC complaint. *Cordero v. Department of Veterans Affairs*, MSPB Docket No.

AT-0752-13-0986-B-2, Petition for Review File, Tab 1 at 5. The agency has not filed a response to this petition.

## ANALYSIS

¶7    Under 5 U.S.C. § 7121(g), an appellant who has been subjected to an action appealable to the Board, and who alleges that he has been affected by a prohibited personnel practice in retaliation for whistleblowing under 5 U.S.C. § 2302(b)(8) or in retaliation for other protected activity under 5 U.S.C. § 2302(b)(9), may elect one, and only one, of the following remedies: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under the provisions of a negotiated grievance procedure; or (3) a complaint following the procedures for seeking corrective action from OSC under 5 U.S.C. chapter 12, subchapters II and III. *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 15 (2016); 5 C.F.R. § 1209.2(d)(1). The remedy that the aggrieved employee seeks first is deemed an election of that procedure and precludes pursuing the matter in either of the other two forums. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013). By statute, an appellant has elected a direct Board appeal if he "has *timely* filed a notice of appeal under the applicable appellate procedures." 5 U.S.C. § 7121(g)(4)(A) (emphasis added); *Shannon v. Department of Homeland Security*, 100 M.S.P.R. 629, ¶ 17 (2005). If there is good cause shown for the untimely filing, the election is valid. *See Szajkovics v. Department of Transportation*, 90 M.S.P.R. 643, ¶¶ 10-12 (2001) (finding that there was good cause for the appellant's untimely Board appeal because he was only granted direct Board appeal rights via a retroactive statute and thus he made a valid election to file a direct Board appeal).

¶8    Likewise, by statute, where an employee alleges that he was subjected to an otherwise appealable adverse action based on prohibited discrimination under 5 U.S.C. § 2302(b)(1), the employee's choice of forum is among: (1) the negotiated grievance procedure; (2) a Board appeal; or (3) a formal EEO

complaint.  5 U.S.C. § 7121(d); *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 14 (2009).  Whichever is filed first is deemed a binding election to proceed in that forum.  *Carey v. Department of the Interior*, 103 M.S.P.R. 534, ¶ 11 (2006).  The Board defers to the determination of the employing agency and the EEOC regarding the timeliness of discrimination complaints.  *E.g.*, *Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2001).

¶9        Here, the administrative judge has not yet addressed the issue of whether there was good cause for the appellant's untimely filing of his removal appeal. RID.  This finding would affect the determination of whether the appellant elected this remedy or an IRA appeal following his OSC complaint.  Additionally, because evidence of the appellant's EEO complaint was first submitted when the agency included the FAD in the record of his IRA appeal, the administrative judge has not considered whether the appellant elected to pursue his EEO remedy. RID; W-1 AF, Tab 6 at 19-28.  Accordingly, it is necessary to remand these appeals for further development of the record regarding which remedy the appellant elected.  *See Rosso v. Department of Homeland Security*, 113 M.S.P.R. 271, ¶ 11 (2010) (remanding the appeal where it was not clear whether the appellant raised his claims before OSC or filed an EEO complaint and attempted to proceed before the EEOC).  In determining the appellant's election, the administrative judge must consider whether any election was knowing and informed.  5 U.S.C. § 7121(d), (g); *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 15‑16 (2013).

**ORDER**

¶10     For the reasons discussed above, we remand these appeals to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.